IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RYAN T., ) | |
| ) | |
| Plaintiff, ) | Case No. 1:22-cv-7245 |
| v. ) | |
| ) | Magistrate Judge Jeannice W. Appenteng |
| FRANK BISIGNANO, ) | |
| Commissioner of Social Security,[1] ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Ryan T. seeks to overturn the final decision of the Commissioner of Social Security ("Commissioner") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. The parties consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), and plaintiff filed a brief explaining why the Commissioner's decision should be reversed and the case remanded. The Commissioner responded with a competing motion for summary judgment in support of affirming the decision. After review of the record and the parties' respective arguments, the Court grants the Commissioner's motion.

## BACKGROUND

Plaintiff protectively applied for SSI and DIB benefits on September 13, 2019 alleging disability since December 9, 2018 due to low back compression surgery and a heart attack in 2008. Administrative Record ("R.") 184-85, 192-93, 229. Born in

---

[1] Frank Bisignano became the Commissioner of Social Security on May 6, 2025. He is automatically substituted as the named defendant pursuant to FED. R. CIV. P. 25(d).

January 1976, plaintiff was 42 years old as of the alleged onset date, making him a younger person (under age 50). 20 C.F.R. § 404.1563(c); 20 C.F.R. § 416.963(c). R. 184. He obtained a GED and held jobs doing road construction and warehouse work. R. 45-46, 48. In May 2018, plaintiff fell into a machine at work resulting in a back injury. R. 390. He underwent spinal surgery in December 2018 and has not engaged in substantial gainful activity since that date. R. 229.

The Social Security Administration denied plaintiff's applications initially on April 28, 2020, and upon reconsideration on August 25, 2021. R. 65-111. Plaintiff filed a timely request for a hearing and on June 2, 2022, he appeared before an administrative law judge ("ALJ"). R. 38. The ALJ heard testimony from plaintiff, who was represented by counsel, and from vocational expert James Breen (the "VE").[2] R. 40-64. On July 18, 2022, the ALJ found that plaintiff's lumbar spine degenerative disc disease, arthropathy, stenosis, and status post surgeries; left foot drop; hyperlipidemia; and hypertension with cardiovascular disease and coronary artery disease are severe impairments, but that they do not alone or in combination with plaintiff's non-severe impairments meet or medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 19-22.

After reviewing the evidence, the ALJ concluded that plaintiff has the RFC to perform sedentary work with certain postural restrictions. R. 22-29. The ALJ accepted the VE's testimony that a person with plaintiff's background and this RFC could not perform plaintiff's past work as a heavy equipment operator, but could

---

[2] The hearing was held telephonically due to the COVID-19 pandemic.

perform a significant number of other jobs available in the national economy. R. 29-31. As a result, the ALJ concluded that plaintiff was not disabled at any time from the alleged disability onset date through the date of the decision. R. 31. The Appeals Council denied plaintiff's request for review on October 25, 2022. R. 1-5. That decision stands as the final decision of the Commissioner and is reviewable by this Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005); *Whitney v. Astrue*, 889 F. Supp. 2d 1086, 1088 (N.D. Ill. 2012).

In support of his request for reversal or remand, plaintiff argues that the ALJ: (1) made a flawed physical RFC determination; (2) improperly rejected opinion evidence reflecting an inability to stoop; and (3) erred in discrediting his subjective statements regarding his symptoms.[3] For reasons discussed in this opinion, the Court finds that the ALJ's decision is supported by substantial evidence.

## DISCUSSION

**A.  Standard of Review**

A claimant is disabled within the meaning of the Social Security Act if he is unable to perform "any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not

---

[3] Arguments not specifically addressed in this opinion were not reasonably developed and have been waived. *See, e.g., Crespo v. Colvin*, 824 F.3d 667, 673 (7th Cir. 2016) ("perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived").

less than 12 months."[4] 20 C.F.R. § 404.1505(a). In determining whether a claimant suffers from a disability, an ALJ must conduct a standard five-step inquiry, which involves analyzing: "(1) whether the claimant is currently employed; (2) whether [the claimant] has a severe impairment or a combination of impairments that is severe; (3) whether [the claimant's] impairments meet or equal any impairments listed as conclusively disabling; (4) whether [the claimant] can perform . . . past work; and (5) whether [the claimant] is capable of performing any work in the national economy." *Gedatus v. Saul*, 994 F.3d 893, 898 (7th Cir. 2021) (citing 20 C.F.R. § 404.1520(a)-(g)). If the claimant meets his burden of proof at steps one through four, the burden shifts to the Commissioner at step five. *Id.*

In reviewing an ALJ's decision, the Court "will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute [its] judgment for the ALJ's determination so long as substantial evidence supports it." *Warnell v. O'Malley*, 97 F.4th 1050, 1052-53 (7th Cir. 2024) (quoting *Gedatus*, 994 F.3d at 900). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (citation omitted). "[S]ocial-security adjudicators are subject to only the most minimal of articulation requirements," and ALJs need only provide "an explanation for how the evidence leads to their conclusions that is sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Warnell*, 97 F.4th at 1053-54

---

[4] Because the regulations governing DIB and SSI are substantially identical, for ease of reference, only the DIB regulations are cited herein.

(internal quotations omitted) (in "shorthand terms," an ALJ must build a "logical bridge from the evidence to his conclusion"); *Morales v. O'Malley*, 103 F.4th 469, 471 (7th Cir. 2024).

**B.     Analysis**

    **1.     Physical RFC**

Plaintiff argues that the case must be reversed or remanded because the ALJ erred in assessing his physical RFC. Dkt. 19 at 6-9; Dkt. 24 at 2-5.[5] A claimant's RFC is the maximum work that he can perform despite any limitations. 20 C.F.R. § 404.1545(a)(1); SSR 96-8p. "[T]he responsibility for the RFC assessment belongs to the ALJ, not a physician, [but] an ALJ cannot construct his own RFC finding without a proper medical ground and must explain how he has reached his conclusions." *Bronwen M. v. Kijakazi*, No. 22 C 50153, 2023 WL 6388207, at *2 (N.D. Ill. Sept. 29, 2023) (quoting *Amey v. Astrue*, No. 09 C 2712, 2012 WL 366522, at *13 (N.D. Ill. Feb. 2, 2012)).

The ALJ found that plaintiff can perform sedentary work with: no climbing of ladders, ropes, or scaffolds; occasional climbing of ramps and stairs; occasional balancing, stooping, crouching, kneeling, and crawling; and a sit-stand option allowing plaintiff to stand for one to two minutes after sitting for 30 minutes. R. 22-23. Plaintiff concedes that he testified to being able to sit for 30 minutes at a time but denies that he can continue sitting for another 30 minutes after just one to two minutes of standing. Dkt. 19 at 6; Dkt. 24 at 3; R. 51. According to plaintiff, he

---

[5] This opinion cites to the CM/ECF number at the top of the page.

needs to lie down in order to relieve his pain. *Id*. at 8. The ALJ considered this testimony but found it unsupported by the record, which contains no evidence of a medical necessity to lie down. R. 29. The Court finds no error in this assessment.

First and foremost, "[n]o physician, treating or otherwise, has ever indicated that there was a medical reason why [plaintiff] would need to lay down . . . during the day." *Imse v. Berryhill*, 752 F. Appx. 358, 362 (7th Cir. 2018). On March 19, 2020, Temisan L. Etikerentse, M.D. conducted a consultative medical examination of plaintiff and found him capable of sitting for 40 minutes before needing to change position. R. 578. Dr. Etikerentse made no mention of lying down. On April 27, 2020, consultative reviewer George Keller, M.D., opined that plaintiff can sit for about six hours in an eight-hour workday, with no mention of lying down or even changing positions. R. 71-72, 82-83. Bharati Jhaveri, M.D. affirmed Dr. Keller's assessment on August 23, 2021. R. 97-100, 106-09. The ALJ's RFC for 30 minutes of sitting followed by one to two minutes of standing is more restrictive than any of these uncontroverted opinions. *See Tutwiler v. Kijakazi*, 87 F.4th 853, 860 (7th Cir. 2023) ("The lack of an opposing medical opinion [imposing greater restrictions than those the ALJ found in his decision] makes it difficult for us to find that the ALJ misjudged the evidence so significantly as to warrant reversal").

In addition, plaintiff never told his treating providers that he needed to lie down throughout the day. *See Joe R. v. Berryhill*, 363 F. Supp. 3d 876, 885 (N.D. Ill. 2019) ("The absence of complaints where it would have been natural to have made them is a substantial basis for rejecting or discounting Plaintiff's present claims").

6

Plaintiff disputes this contention, insisting that he discussed lying down "at least 30 times." Dkt. 24 at 3 and n.3. But the records plaintiff cites merely show that during physical therapy ("PT") sessions between February and June 2019, he reported that his pain level was "best" when he was lying on his back. *See, e.g.*, R. 454, 458, 479, 484, 533, 559. Notably, plaintiff made no further mention of lying down after June 2019. *See Carol N. B. v. O'Malley*, No. 22 C 6921, 2024 WL 325328, at *8 (N.D. Ill. Jan. 29, 2024) ("A failure to substantiate a claim of needing to lie down or nap during the day with corroborating objective evidence is a valid reason to discount a claimant's statement"); *Conor B. v. Kijakazi*, No. 20 C 3342, 2022 WL 4079461, at *4 (N.D. Ill. Sept. 6, 2022) (ALJ properly rejected plaintiff's claimed need to lie down where that limitation "was not corroborated by the medical evidence").

      Plaintiff suggests that his statements about lying down are supported by his testimony that he does not attend concerts, ball games, or movies because he cannot sit long enough. Dkt. 19 at 9; Dkt. 24 at 4. As noted, however, plaintiff admitted that he can sit for 30 minutes at a time, and his decision to forego the cited activities is not evidence that he needs to lie down. The same is true of plaintiff's general observation that lying down is "reasonably consistent with" his impairments. Dkt. 19 at 9, Dkt. 24 at 4-5. "[P]ointing to various diagnoses and complaints and saying that they might hinder [the plaintiff] is insufficient to establish the existence of a functional limitation." *Richards v. Berryhill*, 743 F. Appx. 26, 30 (7th Cir. 2018). *See also Stewart v. Berryhill*, 731 F. Appx. 509, 510

(7th Cir. 2018) ("Unsubstantiated claims are of course, no substitute for evidence") (internal quotations omitted).

Viewing the record as a whole, the ALJ reasonably explained the basis for adopting the sit-stand option and rejecting plaintiff's claimed need to lie down. *Cf. Danny T. v. Kijakazi*, No. 20 C 2992, 2022 WL 279584, at *3 (N.D. Ill. Jan. 31, 2022) (remanding where the ALJ "completely fail[ed] to address Plaintiff's allegations concerning his need to lie down"). That decision is supported by substantial evidence and the case need not be remanded for further consideration of this issue. *See Salvador H. v. Kijakazi*, No. 22 C 7254, 2023 WL 5017944, at *5 (N.D. Ill. Aug. 7, 2023) (citing *Biestek*, 587 U.S. at 103) ("The 'substantial evidence' standard is not a high hurdle to negotiate").

### 2. Opinion Evidence

Plaintiff argues that the case still requires remand because the ALJ improperly rejected an opinion from his treating spinal surgeon Todd J. Lansford, M.D., that he cannot bend. Dkt. 19 at 10-12; Dkt. 24 at 5-8. Since plaintiff filed his claims in September 2019, the treating source rule used for claims filed before March 27, 2017 does not apply. This means the ALJ was not required to "defer or give any specific evidentiary weight" to any medical opinion, including a treating physician's opinion. 20 C.F.R. § 404.1520c(a). *See also Robert J. L. v. O'Malley*, No. 20 C 50444, 2024 WL 809091, at *2 (N.D. Ill. Feb. 27, 2024). Instead, the ALJ was required to "evaluate the persuasiveness of each medical opinion based on certain factors: (1) supportability; (2) consistency; (3) the medical source's relationship with

8

the claimant; (4) specialization; and (5) other factors, including the source's familiarity with other evidence in the claim or an understanding of Social Security disability policies and requirements." *Michelle D. v. Kijakazi*, No. 21 C 1561, 2022 WL 972280, at *4 (N.D. Ill. Mar. 31, 2022) (citing 20 C.F.R. § 404.1520c(c)(1)-(5)). An ALJ must explain how he considered the first two factors (supportability and consistency) and may but is not required to explain his consideration of the other factors. 20 C.F.R. § 404.1520c(b)(2). "Supportability measures how much the objective medical evidence and supporting explanations presented by a medical source support the opinion." *Michelle D.*, 2022 WL 972280, at *4 (citing 20 C.F.R. § 404.1520c(c)(1)). "Consistency assesses how a medical opinion squares with other evidence in the record." *Id*. (citing 20 C.F.R. § 404.1520c(c)(2)).

Plaintiff started seeing Dr. Lansford for back pain following his May 2018 workplace injury. Between October 22 and December 17, 2018, Dr. Lansford examined plaintiff four times, opining on each occasion that he should not lift over 10 pounds, bend, twist, push or pull. R. 391, 394, 398, 401. The ALJ found this opinion not persuasive because there was no indication as to how long the restriction would apply. R. 27. This observation is well-taken, as all of the evaluations occurred before December 19, 2018, the day Dr. Lansford performed a minimally invasive laminoforaminotomy with S1 decompression on the left. R. 375. Plaintiff does not identify any post-operative notes from Dr. Lansford indicating that he remained completely unable to bend after that procedure. Nor does plaintiff address the state agency reviewers' April 2020 and June 2021 opinions that he can

9

occasionally stoop (bend at the waist), just as the ALJ concluded.[6] R. 72, 83. *See Alejandrina A. v. Kijakazi*, No. 20 C 4089, 2023 WL 2539239, at *12 (N.D. Ill. Mar. 16, 2023) (citing *Karr v. Saul*, 989 F.3d 508, 512 (7th Cir. 2021)) (ALJ properly discounted opinion that was "inconsistent with other objective evidence in the record").

The records plaintiff cites in support of Dr. Lansford's assessment do not support a different conclusion. They show, for example, that: plaintiff had an epidural steroid injection in November 2018 before his surgery, R. 366; during multiple PT sessions, plaintiff exhibited decreased range of motion in the lumbar spine, R. 452, 455, 497, 509, 555, 574, 740; on March 19, 2020, Dr. Etikerentse documented markedly reduced range of motion in the lumbar spine, 577; and on August 13, 2021, consultative examiner Ravikiran N. Tamragouri, M.D., found reduced lumbar range of motion. R. 723. None of these records demonstrate that plaintiff is incapable of occasional stooping, particularly given the contrary assessments from the state agency reviewers who were aware of plaintiff's difficulties with bending. R. 68-69, 79-80, 95-96, 104-05. *See Vincent A. v. Berryhill*, No. 16 C 7136, 2019 WL 2085104, at *6 (N.D. Ill. May 13, 2019) (quoting *Mueller v. Colvin*, 524 F. Appx. 282, 286 (7th Cir. 2013) ("[T]he Seventh Circuit has indicated that there is no inconsistency to be resolved when a medical opinion finding that a

---

[6] Plaintiff's cursory assertion in his reply brief that the state agency opinions "were unsupported by and inconsistent with the evidence" is wholly undeveloped and waived. Dkt. 24 at 6. *See Crespo*, 824 F.3d at 673.

10

claimant can occasionally stoop expressly relies upon findings that note the claimant's limited ability to bend").

As for plaintiff's complaints of disabling pain upon bending, the ALJ acknowledged this testimony but also found it significant that plaintiff does not take any prescription pain medications. R. 23. *See, e.g., Pratt v. Colvin*, No. 12 C 8983, 2014 WL 1612857, at *11 (N.D. Ill. Apr. 16, 2014) ("The lack of prescription medication is inconsistent with a finding of disabling pain."). Essentially, plaintiff is asking the Court to reweigh the evidence and substitute its judgment for the ALJ's determination, which the Court will not do. *Warnell*, 97 F.4th at 1052-53; *Milhem v. Kijakazi*, 52 F.4th 688, 694 (7th Cir. 2022) ("This court does not substitute its judgment for that of the ALJ, reweigh the evidence, or decide questions of credibility").

Viewing the record as a whole, the ALJ reasonably adopted the state agency physicians' opinions that plaintiff is capable of occasional bending. That decision is supported by substantial evidence and plaintiff's request to remand the case for further consideration of the issue is denied. *See Jarnutowski v. Kijakazi*, 48 F.4th 769, 773 (7th Cir. 2022) (courts "apply a very deferential standard of review to the ALJ's decision").

### 3. Subjective Symptom Evaluation

Plaintiff finally argues that the ALJ erred in assessing his subjective statements regarding his symptoms. Dkt. 19 at 12-15; Dkt. 24 at 8-10. In evaluating a claimant's subjective symptom allegations, an ALJ must consider several factors

11

including: the objective medical evidence; the claimant's daily activities; the location, duration, frequency, and intensity of the claimant's pain or other symptoms; precipitating and aggravating factors; type, dosage, effectiveness, and side effects of medication; treatment and other measures besides medication taken to relieve pain or other symptoms; and functional limitations due to pain or other symptoms. 20 C.F.R. § 404.1529(c); SSR 16-3p, 2017 WL 5180304, at *5, 7-8 (Oct. 25, 2017). "'An ALJ need not discuss every detail in the record as it relates to every factor,' but an ALJ may not ignore an entire line of evidence contrary to her ruling." *Benito M. v. Kijakazi*, No. 20 C 5966, 2022 WL 2828741, at *8 (N.D. Ill. July 20, 2022) (quoting *Grotts v. Kijakazi*, 27 F.4th 1273, 1278 (7th Cir. 2022)). "As long as an ALJ gives specific reasons supported by the record, [the Court] will not overturn a credibility determination unless it is patently wrong." *Grotts*, 27 F.4th at 1279; *Murphy v. Colvin*, 759 F.3d 811, 816 (7th Cir. 2014) (patently wrong "means that the decision lacks any explanation or support."). "Subjective statements by claimants as to pain or other symptoms are not alone conclusive evidence of disability and must be supported by other objective evidence." *Grotts*, 27 F.4th at 1278.

Plaintiff testified that he experiences pain in the lower left back with occasional left leg numbness. R. 50. He also reported that his back "locks up" sometimes. *Id*. According to plaintiff, he is able to walk for five minutes before stopping, stand for 10 minutes before needing to sit, and sit for 30 minutes before needing to switch positions. R. 51-52. Though he can wash and dry dishes he must

12

periodically sit down and rest to complete the task. R. 53. Aside from reaching overhead, plaintiff is unable to do most other activities, including making his bed, taking out the garbage, sweeping, stooping, crouching, crawling, kneeling, or reaching forward, and he struggles to lift a gallon of milk and use the stairs. R. 52-54.

The ALJ provided a thorough discussion of this testimony and reasonably concluded that plaintiff's complaints of disabling limitations were unsupported by the record. R. 23-29. For example, plaintiff claims to experience four days per week when he is in so much pain that he cannot move at all and needs help even to use the bathroom. R. 29, 61-62. Yet he relies only on Tylenol for symptom relief. R. 29, 50-51. "[D]iscrepancies between the objective evidence and self-reports may suggest symptom exaggeration" particularly where, as here, plaintiff offers no other reason for his decision to use only over-the-counter pain medication. *Gwendolyn B. v. Saul*, No. 20 C 3244, 2021 WL 1812879, at *8 (N.D. Ill. May 6, 2021) (quoting *Britt v. Berryhill*, 889 F.3d 422, 426 (7th Cir. 2018)). *See also Pratt*, 2014 WL 1612857, at *11.

Moreover, plaintiff expressed concern about falling even though he never used an assistive device. R. 29, 51. *See Thorps v. Astrue,* 873 F. Supp. 2d 995, 1006 (N.D. Ill. 2012) (citing *Arnold v. Barnhart*, 473 F.3d 816, 823 (7th Cir. 2007)) ("[A] patient's subjective complaints are not required to be accepted insofar as they clashed with other, objective medical evidence in the record"). Plaintiff finds it inconsistent that the ALJ limited him to sedentary work based in part on his

13

testimony about being at risk of falling, but did not find his allegations of falling credible. Dkt. 19 at 13-14 ("Allegations of falling were either consistent or inconsistent with the record, but not both"). There is no inconsistency, however, as it is clear that the ALJ simply gave plaintiff the benefit of the doubt and agreed that he should not be on his feet for prolonged periods. *See Castile v. Astrue*, 617 F.3d 923, 929 (7th Cir. Aug. 13, 2010) (finding no error where "[i]t was because of and not in spite of [the claimant's] testimony that the ALJ limited her to a more restrictive residual functional capacity finding than any physician on the record").

It is well-established that an ALJ's credibility assessment "need not be perfect; it just can't be patently wrong." *Dawson v. Colvin*, No. 11 C 6671, 2014 WL 1392974, at *10 (N.D. Ill. April 10, 2014) (citing *Schreiber v. Colvin*, 519 F. Appx. 951, 961 (7th Cir. 2013)). And "even if reasonable minds could differ on the ALJ's rejection of [plaintiff's] testimony, we will not reweigh evidence or substitute our judgment for the ALJ's." *Zoch v. Saul*, 981 F.3d 597, 602 (7th Cir. 2020). Viewing the record as a whole, the ALJ's assessment of plaintiff's subjective statements was not patently wrong and his request to remand the case for further consideration of this issue is denied.

## **CONCLUSION**

For the reasons stated above, plaintiff's request to reverse or remand the case is denied, and the Commissioner's motion for summary judgment [22] is granted. The Clerk is directed to enter judgment in favor of the Commissioner.

14

**SO ORDERED.**

_____
**Jeannice W. Appenteng**
**United States Magistrate Judge**

Date: 6/15/2025